J-S68014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN MILHOUSE, | |
| Appellant | No. 116 EDA 2015 |

Appeal from the Judgment of Sentence Entered November 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-46-CR-0008755-2013

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:              **FILED DECEMBER 17, 2015**

Appellant, Nathan Milhouse, appeals from the judgment of sentence of 2-10 years' incarceration, and a consecutive term of 3 years' probation, imposed following his conviction for possession of a controlled substance, possession with intent to deliver a controlled substance (PWID), and conspiracy.  Herein, Appellant claims the evidence was insufficient to support his conviction(s), and presents a challenge to the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court summarized the facts adduced at trial as follows:

> On May 29, 2013, Philadelphia Police Officer Stephen Shippen was conducting surveillance in the area of [the] 1400 Block of North Edgley Street in Philadelphia.  At about 7:45[,[1]]

---

[1] The trial court does not indicate whether this occurred in the morning or the evening.

PO Shippen observed [Appellant] approach a black male and engage in a brief conversation, after which [Appellant] entered a residence at 1402 North Edgley for about 15-20 seconds, before returning to the male and handing him a jar with a black lid. As the male left the area, PO Shippen notified his back-up officers.

At about 8:05[,] another black male, identified as Brandon Brown, arrived at the location and approached a black male later identified as James Hayes. After a brief conversation, Hayes handed Brown an[] unknown amount of United States Currency (USC), whereupon Brown handed Hayes a clear plastic baggie. Hayes was stopped by [a] back-up officer shortly thereafter and [w]as found in possession of six green tinted packets of marijuana.

At approximately 8:24[, Appellant] entered the residence at 1402 N. Edgley. At about 8:40[,] co-defendant Martin arrived on the scene, spoke briefly with Mr. Brown, then knocked on the door at 1402 N. Edgley, before entering the property for 15-20 seconds. [Appellant] and Martin then exited the property. As they did so, [Appellant] handed Martin a bottle with a black lid containing a yellow liquid.

At about 8:45[,] James Ayres approached Martin, [Appellant,] and Brown, handing Martin USC. Martin opened the jar [Appellant] had just given him and allowed Ayres to dip a cigarette into the yellow liquid.

PO Shippen then notified his backup. [Appellant] was arrested with a clear plastic bag containing 2 vials of codeine, and Ziploc packets of marijuana, and $16 USC. Martin was arrested and recovered from him was a clear glass jar with a black top containing a yellow liquid.

A search warrant was obtained for 1402 N. Edgley, and recovered from the basement were 200 clear glass jars with black caps, and clear Ziploc baggies. The contents of the six packets seized from Hayes tested positive for marijuana. The liquid recovered from co-defendant Martin tested positive for PCP. The substances recovered from Brown tested positive for marijuana. The substances recovered from [Appellant] tested positive for codeine and promethazine.

Trial Court Opinion, 3/13/15, at 2-3 (citations to the record omitted).

After a non-jury trial, Appellant was convicted of possession of a controlled substance, 35 P.S. § 780–113(a)(16); PWID, 35 P.S. § 780–113(a)(30); and conspiracy to commit PWID, 18 Pa.C.S. § 903. Prior to sentencing, Appellant filed a motion for extraordinary relief on November 18, 2014. That motion was heard, and ultimately denied, at Appellant's sentencing hearing on November 19, 2014. At that hearing, the trial court sentenced Appellant to 2-10 years' incarceration for PWID, and a consecutive term of 3 years' probation for conspiracy. Appellant filed post-sentence motions on November 21, 2014, which were denied on December 9, 2014. Appellant subsequently filed a timely notice of appeal on January 5, 2015.

Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement on February 20, 2015.[2] The trial court issued its Rule 1925(a) opinion on March 13, 2015. Appellant now presents the following questions for our review:

> A. Was it error for the court to deny Appellant's timely motions for extraordinary relief, reconsideration, and post-sentence

---

[2] The trial court ostensibly excused Appellant's failure to file a timely Rule 1925(b) statement by order dated February 24, 2015. **See** Order, 2/24/15, at 1 ("the [Rule 1925(b) statement] served on the [c]ourt on February 20, 2015 … shall be deemed timely"). Whether or not the trial court possessed the authority to do so, this Court will overlook the waiver of Appellant's claims due to the untimely filing of his 1925(b) statement, based on our authority in **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009), where we stated, "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Id.** at 433.

motions, the gravamen of which were complaints of insufficient evidence?

B. Was the totality of the evidence presented at the trial below sufficient, as a matter of law, to sustain the convictions beyond a reasonable doubt?

C. Has Appellant sufficiently preserved his sentencing complaint in accordance with Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure?

D. Was Appellant's sentence of 2 to 10 years['] incarceration, plus 3 years['] consecutive probation, under the circumstances, consistent with the fundamental norms underlying the sentencing process?

Appellant's Brief, at 2.

With regard to Appellant's first claim, he abandons allegations of ineffective assistance of counsel (IAC) raised in his motions for extraordinary relief, his motion for reconsideration, and in his post-sentence motion. Appellant's Brief, at 6 ("Preliminarily, [A]ppellant here withdraws so much of his instant appeal as is based on ineffective assistance of counsel. It must be conceded that the required relief should be obtained via a Post Conviction Relief Act (P.C.R.A.) Petition."). According to Appellant, the only remaining non-sentencing issues from those motions are sufficiency issues. Thus, Appellant's first and second claims (A and B, above), are challenges to the sufficiency of the evidence. Appellant concedes that the evidence was sufficient to convict him of possession of a controlled substance. *See* Appellant's Brief, at 8 ("It is conceded that [A]ppellant was found in possession of a substance containing codeine and promethazine.").

**_Sufficiency Claims_**

The Commonwealth asserts that Appellant has waived his sufficiency claims, as he did not directly raise any sufficiency claims in his Rule 1925(b) Statement. In his Rule 1925(b) Statement, Appellant alleged that the trial court had erred in denying his motions for extraordinary relief, his motion for reconsideration, and his post-sentence motions. Rule 1925(b) Statement, 2/23/15, at 1-3. In Appellant's motion for reconsideration, he claimed that "the evidence was insufficient to support the verdict(s) and that the determination of guilt was against the weight of the evidence." Motion for Reconsideration, 11/21/14, at 4 ¶ 6.

However, as this Court has repeatedly held, "[i]f Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Flores*, 921 A.2d 517, 522 (Pa. Super. 2007). Here, Appellant failed to assert the nature of his claim in his Rule 1925(b) Statement, and therein only vaguely referenced a sufficiency claim raised in a prior motion. In that prior motion, Appellant failed to identify what elements of which offenses had been unproven by the Commonwealth. Accordingly, we conclude that Appellants' first two claims have been waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Nevertheless, were we to address Appellant's sufficiency claim(s), we would find that they are meritless. Our standard of review of sufficiency claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

As noted above, Appellant conceded the sufficiency of the evidence with regard to his conviction for possession pertaining to the codeine and promethazine found on his person. As to the charges of PWID and conspiracy, Appellant was observed engaging in multiple transactions where he distributed jars with black lids out of a residence at 1402 North Edgley Street. One such jar was given to Martin, who in turn accepted money from Ayres and allowed Ayres to dip a cigarette in that jar. When seized, that jar was found to contain PCP. A search of 1402 North Edgley Street revealed 200 similar, empty jars, and other drug packaging materials.

Appellant first claims that the evidence was insufficient to support his conviction for PWID because the police did not recover the first glass jar that

- 6 -

Appellant was observed distributing. Appellant asserts that "it is not known what, if anything, was in the said jar. Therefore, [A]ppellant respectfully submits it is not even appropriate to refer to this person as a 'buyer.' It appears that [A]ppellant made someone a gift of an empty glass jar – hardly a sale." Appellant's Brief at 7.

This aspect of Appellant's sufficiency claim ignores our standard of review by simply offering an alternative inference arising out of the observed behavior. It is, of course, possible that Appellant was a Good Samaritan who generously distributed empty glass jars to all needy visitors. Yet, such an interpretation of the facts fails to "view the evidence in the light most favorable to the verdict winner[,]" and it fails to give "the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Widmer**, 744 A.2d at 751. However, it is also a reasonable inference that, given the subsequent transaction involving Martin and Ayres, that Appellant had also distributed PCP on this earlier occasion. In any event, the transaction that gave rise to Appellant's single PWID conviction was the later one involving Martin and Ayres, and thus Appellant's sufficiency argument is misplaced. The complained-of transaction was not the basis of his conviction but, rather, circumstantial evidence that supported it.

Appellant also complains that the subsequent search of 1402 North Edgley Street did not reveal the presence of a stash of PCP. However, the substance seized immediately after the transaction involving Martin and Ayres did contain PCP and, thus, the Commonwealth's failure to find any

more PCP is irrelevant to Appellant's conviction, as he was not charged in relation to any substances found at that address.

Next, Appellant contends that the police's failure to find a substantial amount of currency on Appellant or Martin, or in the search of 1402 North Edgley Street, undermines the Commonwealth's theory that the two were engaged in the sale of PCP. We disagree. Possession of currency is not an element of PWID, nor is a sale required. A conviction for PWID only requires that one "deliver," or that one "possess with the intent to … deliver," a controlled substance. 35 P.S. § 780–113(a)(30). The Controlled Substance, Drug, Device and Cosmetic Act defines "deliver" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance …." 35 P.S. § 780–102 (emphasis removed). Thus, a conviction for PWID does not require any proof of a sale at all, let alone evidence of the proceeds of a sale. Proof of a sale may serve as evidence that controlled substances have been delivered, but it simply does not follow that a delivery must be proven by evidence of a sale.[3]

_____

[3] In any event, the evidence in this case demonstrated that Martin, Appellant's coconspirator, accepted currency in exchange for allowing Ayres to dip his cigarette in the jar of PCP. "[T]he basic principle of conspirator liability [is] that once there is evidence of the presence of a conspiracy, the conspirators are liable for the acts of co-conspirators committed in furtherance of the conspiracy." *Commonwealth v. Stocker*, 622 A.2d 333, 342 (Pa. 1993).

Finally, Appellant contends there was insufficient evidence of a conspiracy between him and Martin. "To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Hennigan***, 753 A.2d 245, 253 (Pa. Super. 2000) (quoting ***Commonwealth v. Rios***, 684 A.2d 1025, 1030 (Pa. 1996)). The overt act may be committed by any of the conspirators. ***Id***. Moreover,

> Proof of a conspiracy is almost always extracted from circumstantial evidence. The Commonwealth may present a "web of evidence" linking the defendant to the conspiracy beyond a reasonable doubt. The evidence must, however, "rise above mere suspicion or possibility of guilty collusion." Mere association, presence at the scene, or knowledge of the crime is insufficient; the Commonwealth must prove that the defendant "became an active participant in the criminal enterprise and that he had knowledge of the conspiratorial agreement."

***Hennigan***, 753 A.2d at 253 (internal citations omitted).

Here, the evidence demonstrated that Appellant answered the door at 1402 North Edgley Street, greeted Martin, and the two went inside. When they reemerged, Appellant handed Martin the jar containing PCP and, immediately thereafter, Martin allowed Ayres to dip his cigarette in the PCP in exchange for currency. This was circumstantial evidence of an agreement between Appellant and Martin to distribute PCP, and Martin's interaction with Ayres was an overt act in furtherance of that conspiracy.

Appellant complains that "there is no evidence that [A]ppellant benefited from any transaction." Appellant's Brief at 9. As noted previously, there is no requirement for the Commonwealth to prove that one received a tangible benefit, financial or otherwise, in order to secure a conviction for PWID. Consequently, there is also no 'benefit' requirement to secure a conviction for a related conspiracy. If a financial arrangement could be proven, that would be circumstantial evidence of a conspiracy. However, the absence of such evidence is not fatal to a conspiracy conviction, because a financial arrangement to commit a crime is not an element of conspiracy. The Commonwealth only needs to prove that there was an implicit agreement which, in this case, was an agreement to coordinate the distribution of PCP. We conclude the evidence was sufficient in this regard, and that Appellant's claim to the contrary is meritless. Thus, even had Appellant preserved his sufficiency claims for our review, we would have concluded that they lack merit.

### *Sentencing Claim*

Appellant's remaining two claims concern the discretionary aspects of his sentence. Initially, we note that, although Appellant lists two claims in his statement of the questions, Appellant's Brief at 2, he only presents one related argument thereafter, Appellant's Brief at 10-11. Upon further inspection, that argument presents only a single issue for our review: whether the maximum portion of Appellant's 2-10 year sentence violates a fundamental norm underlying the sentencing process. Appellant's Brief, at

11. However, before we reach this claim at all, we must address the Commonwealth's contention that Appellant has waived review of his sentencing claim due to his failure to provide a Pa.R.A.P. 2119(f) statement in his brief.

"Criminal defendants do not have the automatic right to challenge the discretionary aspects of their sentence. Rather, they must seek permission." Pa.R.A.P. 2119(f); **Commonwealth v. Robinson**, 931 A.2d 15, 19 (Pa. Super. 2007). For this Court to review a discretionary-aspects-of-sentencing claim, the following four-prong test must be satisfied:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Tejada**, 107 A.3d 788, 797-98 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015). Rule 2119(f) states:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter **shall** set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement **shall** immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f) (emphasis added). "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." **Robinson**, 931 A.2d at 19.

- 11 -

Here, Appellant references Rule 2119(f) in his statement of the questions, but he does not provide a separate Rule 2119(f) statement anywhere in his brief. He also fails to offer any discussion as to why his discretionary-aspects-of-sentencing claim presents a substantial question for our review. The Commonwealth has objected to these deficiencies in Appellant's brief; thus, we are compelled to conclude that Appellant has waived his discretionary-aspects-of-sentencing claim. ***Tejada***, ***supra***; ***Robinson***, ***supra***.

Judgment of sentence ***affirmed***.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2015